UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                       :
3F PARTNERS LIMITED PARTNERSHIP, 3F                                    :
PARTNERS LIMITED PARTNERSHIP II, CARDIAC                               :
CONCEPTS, INC., and DOMAIN PARTNERS IV, L.P.,                          :    18-CV-4803 (JMF)
*the Representatives of the Former Stockholders of 3F*                 :
*Therapeutics, Inc.*,                                                  :    MEMORANDUM OPINION
                                                                       :    AND ORDER
                            Petitioners,                               :
                                                                       :
        -v-                                                            :
                                                                       :
MEDTRONIC, INC., MEDTRONIC ATS MEDICAL,                                :
INC., and 3F THERAPEUTICS, INC.,                                       :
                                                                       :
                            Respondents.                               :
                                                                       :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

   In this case, representatives of the former stockholders of 3F Therapeutics, Inc. ("3F"), a medical device company, petition to vacate an arbitration award. (Docket No. 3 ("Pet'n") 1-2). Petitioners are 3F Partners Limited Partnership ("3F Partners"); 3F Partners Limited Partnership II ("3F Partners II"); Cardiac Concepts, Inc., ("Cardiac Concepts"); and Domain Partners IV, L.P. ("Domain Partners"). (*Id.*) Respondents — here and in the arbitration — are 3F itself; Medtronic ATS Medical, Inc. ("ATS Medical"), which acquired 3F in January 2006; and Medtronic, Inc. ("Medtronic"), which bought ATS Medical in April 2010. (*Id.* at 2). In opposing the Petition, Respondents argued that this Court lacks subject-matter jurisdiction because the parties are not completely diverse. In response, Petitioners moved to amend their Petition to drop Domain Partners as a party. (Docket No. 25 ("Mot. to Amend Pet'n")). Even without Domain Partners, however, Petitioners fail to prove there is complete diversity because the real parties in interest — whose citizenship is what matters for purposes of subject-matter jurisdiction — are the former stockholders of 3F whom Petitioners represent. Accordingly, and for the stated below, the Court DISMISSES

the Petition for lack of subject-matter jurisdiction and DENIES the motion to amend the Petition as futile.

## BACKGROUND

3F, a medical device company, is incorporated in Delaware and has its principal place of business in Minnesota. (Docket No. 18-1 ("Osteraas Decl.") ¶¶ 10, 13). In January 2006, ATS Medical — a Minnesota corporation with its principal place of business in Minnesota — acquired 3F. (Docket No. 3-2 ("Final Arb. Award") ¶ 2; Osteraas Decl. ¶¶ 6, 8). Section 12.13 of the merger agreement between 3F and ATS Medical (the "Merger Agreement") provides for the appointment of a "Stockholder Representative." (Docket No. 3-1 ("Merger Agreement"), § 12.13(a)). Under the terms of that Section, the Stockholder Representative has exclusive authority to bring "[a]ny claim action, suit, or other proceeding, whether in law or equity, to enforce any right, benefit or remedy granted to [3F's] Stockholders under this Agreement." (*Id.* § 12.13(b)). The Section expressly provides that "the [3F] Stockholders shall be bound by any determination in favor of or against the Stockholder Representative." (*Id.*).

Petitioners here — three limited partnerships and one corporation — serve as "the Stockholder Representative" under Section 12.13. (*See* Docket No. 3-35 ("Demand for Arb."), at 1 & n.1).[1] In 2016, they initiated arbitration proceedings with 3F, ATS Medical, and Medtronic — also a Minnesota corporation with its principal place of business in Minnesota, which had bought ATS Medical in 2010. (*Id.*). Petitioners alleged in the arbitration that following the merger, ATS

---

[1] Petitioners actually serve as the second successor Stockholder Representative under the Merger Agreement. Boyd D. Cox was initially appointed as the Stockholder Representative. (*See* Merger Agreement § 12.13(a)). He was later replaced by Fortis Advisors LLC, which was replaced by Petitioners on February 25, 2016. (*See* Demand for Arb. 1 n.1).

Medical and Medtronic failed to adequately support the development and regulatory approval of two critical medical device products. (*See* Final Arb. Award ¶ 4). In their demand, Petitioners listed themselves as "3F Partners Limited Partnership, 3F Partners Limited Partnership II, Cardiac Concepts, Inc., and Domain Partners IV, L.P., *as representatives of the Former Stockholders of 3F Therapeutics*." (Demand for Arb. 1 (emphasis added)). Petitioners further stated that they brought the dispute "*solely in their capacity as the second successor Stockholder Representative of the former 3F stockholders*." (*Id.* at 1 n.1 (emphasis added)).

Respondents prevailed in the arbitration proceedings, the details of which are otherwise irrelevant here. (*See* Final Arb. Award ¶¶ 109, 114, 119, 159, 163, 165). Thereafter, Petitioners filed the instant action, seeking to vacate the arbitration award. As they did in the arbitration proceedings, Petitioners proceed here as "Representatives of the former stockholders of 3F Therapeutics" pursuant to the Merger Agreement. (Pet'n 1; Docket No. 26 ("Mot. to Amend Mem.") 1). Petitioners initially alleged the existence of complete diversity between 3F Partners, 3F Partners II, Cardiac Concepts, and Domain Partners, on the one hand, and 3F, ATS Medical, and Medtronic, on the other. (Pet'n ¶ 7). In their opposition, however, Respondents argued that Petitioners had failed to demonstrate subject-matter jurisdiction because they did not disclose the identities and citizenship of each partner of those Petitioners that are limited partnerships. (Docket No. 18 ("Opp. to Pet'n") 18-19). That prompted Petitioners to move for leave to amend their Petition — specifically, to drop Domain Partners, both because it ceased to exist in August of this year and because it has "at least one member with citizenship in Delaware," thus defeating complete diversity. (Mot. to Amend Mem. 1). Petitioners contend that, without Domain Partners, there is complete diversity because the remaining three Petitioners are not citizens of either Minnesota or Delaware, the states of which Respondents are citizens. (*See id.*).

3

## DISCUSSION

The Court begins, as it must, with the issue of subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Petitioners seek relief pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 10 U.S.C. § 10(a). The FAA, however, is "something of an anomaly in the realm of federal legislation: It bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (internal quotation marks and alterations omitted). In other words, "federal question jurisdiction does not arise simply because a petitioner brings a claim under . . . the FAA." *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 25 (2d Cir. 2000). Instead, a district court must have "an independent jurisdictional basis" to entertain a petition to vacate an arbitration. *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008). Here, as noted, Petitioners invoke the Court's diversity jurisdiction, which requires a showing that "all of the adverse parties" in the suit are "completely diverse with regard to citizenship." *See E.R. Squibb & Sons v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998). So long as Domain Partners is dropped from the case, they claim, that requirement is met because none of the Petitioner entities are citizens of either Minnesota or Delaware, the states of which Respondents are citizens. (*See* Mot. to Amend Mem. 1).

That may or may not be so, but it is ultimately irrelevant to the jurisdictional analysis. It is well established that the "'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460 (1980). It follows that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.* at 461. Consistent with that rule, the Second Circuit has held that a federal court "will not deem [a party's] citizenship

4

controlling when it acts merely as an agent representing the interests of others. In such a case, *the citizenship of the represented individuals controls for diversity purposes, as they are the real and substantial parties to the dispute*." *Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir. 1995) (emphasis added); *see id.* ("Where a party sues or is sued in a representative capacity . . . , its legal status is regarded as distinct from its position when it operates in an individual capacity."). Put differently, "'federal courts must look to the individuals being represented rather than their collective representative to determine whether diversity of citizenship exists.'" *E.R. Squibb & Sons*, 160 F.3d at 931 (quoting *Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990)).

Applying those principles here, the relevant parties for purposes of assessing diversity are not Petitioners, but rather the former Stockholders of 3F whom they represent pursuant to Section 12.13 of the Merger Agreement. There is no dispute that Petitioners initiated the arbitration and proceed here as "representatives of the Former Stockholders of 3F." (Demand for Arb. 1; Pet'n 1). Further, they concede that they act "*solely* in their capacity as the . . . Stockholder Representative of the former 3F stockholders." (Demand for Arb. 1 n.1 (emphasis added); *see also* Mot. to Amend Mem. 3 (noting that Petitioners are "prosecut[ing] the claims in the Petition on behalf of the former 3F stockholders")). It follows that the Court must look to the former Stockholders rather than to Petitioners "to determine whether diversity of citizenship exists." *E.R. Squibb & Sons*, 160 F.3d at 931; *accord Northern Trust Co.,* 899 F.2d at 594 (holding that, for jurisdictional purposes, a representative of a group of shareholders assumed the citizenship of each shareholder represented).

The burden is on Petitioners to plead and ultimately prove that "each and every party . . . represented — in this case, a large number of unspecified individuals — [meet] the diversity requirements." *E.R. Squibb & Sons, Inc. v. Lloyd's & Companies*, 241 F.3d 154, 161 (2d Cir.

2001). They do not carry that burden. Indeed, Petitioners fail completely to allege the citizenship of the "real and substantial parties to the dispute," that is, the citizenship of the former 3F stockholders. *See Airlines Reporting Corp.*, 58 F.3d at 862. Moreover, despite the fact that Respondents raised that defect in their opposition to Petitioners' motion for leave to amend (*see* Docket No. 28 ("Opp. to Mot."), at 5), Petitioners give no indication that they are in possession of facts that would cure the defect (*see* Docket No. 29 ("Reply to Mot."), at 2-3). Accordingly, the Court concludes that it lacks subject-matter jurisdiction and that there is no basis to grant Petitioners leave, *sua sponte*, to amend. *See, e.g.*, *City of Perry, Iowa v. Procter & Gamble Co.*, 188 F. Supp. 3d 276, 292 (S.D.N.Y. 2016).

## CONCLUSION

For the reasons stated above, the Court concludes that it lacks subject-matter jurisdiction and that that would be the case even if Petitioner's motion for leave to amend were granted. Accordingly, the Petition is DISMISSED for lack of federal subject matter jurisdiction (without prejudice to re-filing in state court), and Petitioners' motion for leave to amend the Petition is DENIED as futile. *See, e.g.*, *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (noting that leave to amend may be denied where the amendment would be "futile").

The Clerk of Court is directed to terminate the motion at Docket No. 25 and to close the case.

SO ORDERED.

Dated: October 23, 2018
      New York, New York

                                              JESSE M. FURMAN
                                          United States District Judge